IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

HUNTINGTON DIVISION

UNITED STATES OF AMERICA

v.  CRIMINAL ACTION NO. 3:07-00217

JAMES ALBERT TORAN, JR.

**MEMORANDUM OPINION AND ORDER**

Pending is the petitioner's motion for retroactive application of the Sentencing Guidelines [Doc. 36] to reduce his sentence pursuant to 18 U.S.C. § 3582(c)(2). For the reasons that follow, the Court **DENIES** the motion as moot.

**DISCUSSION**

Petitioner James A. Toran, Jr. ("Petitioner") was sentenced on March 24, 2008 to 240 months imprisonment after pleading guilty to a single-count indictment charging him with possessing with the intent to distribute five grams or more of cocaine base.

Petitioner has filed a *pro se* motion seeking application of the two-point base level reduction for most offenses involving cocaine base and at least one other controlled substance provided by Amendment 715 to the Sentencing Guidelines. *See* U.S. SENTENCING GUIDELINES MANUAL app. C, Amend. 715. A brief background discussion on Amendment 715 is warranted given the circumstances of Petitioner's case.

In November 2007, the Sentencing Commission adopted Amendment 706 to the Guidelines. Amendment 706 reduced by two the base offense levels for most crack-cocaine offenses, and

changed for a short time the polydrug conversion mechanisms for offenses involving crack cocaine and other controlled substances. *Id.* at app. C., Amend. 706. The Commission made Amendment 706 retroactive in March of 2008. *Id.* at app. C., Amend 713. Thereafter, the Commission discovered that Amendment 706 resulted in sentencing anomalies whereby some defendants convicted of offenses involving cocaine base and at least one other controlled substance did not receive the benefit of the two-level reduction merely because of the conversion of cocaine base to its marihuana equivalent. *"Reader-Friendly" Version of Amendments on Crack Cocaine and Retroactivity (effective May 1, 2008), available at* http://www.ussc.gov/Legal/Amendments/Reader-Friendly/20080501_RF_Amendments.pdf. Amendment 715 sought to address this problem by restoring the original polydrug conversion technique, but simply prescribing a residual mechanism whereby the two-point reduction contemplated by Amendment 706 is presumptively applied to polydrug cases involving crack cocaine after the initial conversion values are obtained. *See id.* It was made retroactive on May 1, 2008. *See* U.S. SENTENCING GUIDELINES MANUAL § 1B1.10(c); *id.* at app. C., Amend 716.

At sentencing in this case, the Court adopted the pre-sentence investigation report in full. That report attributed to Petitioner 187.9 grams of cocaine base, 122, 80 milligram OxyContin pills, and 136.7 grams of marihuana for purposes of calculating the applicable Guideline range. Petitioner was sentenced pursuant to the 2007 Guidelines, which incorporated the new drug quantity levels provided by Amendment 706. *See* 2D1.1, Application Note 10(D). As noted, it also incorporated a new conversion mechanism that changed the previously-prevailing rule that cocaine base should be converted at a rate of 20 kilograms of marihuana per gram of cocaine base. Specifically, it provided that, if the offense involved cocaine base and one or more other controlled substances, the

court must first determine the base offense level for the quantity of cocaine base involved in the offense, and then apply an equivalency calculation derived from a chart where lower quantities of cocaine base were given relatively higher marihuana conversion factors.

In this case, because 187.9 grams of cocaine base were attributed to Petitioner, Application Note 10(D) resulted in a marihuana equivalency conversion factor of 6.7 kilograms of marihuana per gram of cocaine base. *See* U.S. SENTENCING GUIDELINES MANUAL § 2D1.1 cmt. n.10(D) (2007). Using these combination rules, the probation office concluded that the marihuana equivalent for the amount of cocaine base was 1,258.9 kilograms (6.7 kilograms of marihuana times 187.9 grams of cocaine base). After adding the equivalency calculations for OxyContin and the small quantity of marihuana for which Petitioner was responsible, the total equivalency value was 1,324 kilograms of marihuana, leading to a base offense level of 32.[1]

Amendment 715 eliminated the inverse marihuana equivalency calculation method adopted by the Commission with Amendment 706, and utilized by the Court at Petitioner's sentencing. *See* U.S. SENTENCING GUIDELINES MANUAL app. C, Amend. 715. The amendment modified the drug conversion tables to provide that 1 gram of cocaine base converts to *20 kilograms* of marihuana, as it did *before* the enactment of Amendment 706. In order to effectuate the reduction intended by Amendment 706, it changed Application Note 10(D) to provide that the offense level for an offense involving cocaine base and at least one other controlled substance obtained pursuant to this calculation method shall be reduced by an additional two levels unless certain exceptions apply. *Id.*

As hopefully apparent from the foregoing discussion, Petitioner has already received the

---

[1] 1,258.9 kilograms (Cocaine base) + 65 kilograms (OxyContin) + 0.1367 kilograms (Marihuana) = 1,324 kilograms.

benefit of the lower drug quantity levels for cocaine base that were established under the amended 2007 Guidelines. Pursuant to the new conversion methods provided by Amendment 715, the 187.9 grams of cocaine base attributable to Petitioner in this case would convert at a rate of 20 kilograms of marihuana per gram—not 6.7 kilograms per gram. Adding the applicable quantities of OxyContin and marihuana, the total equivalency calculation would be as follows:

> [3,758 kilograms of marihuana (187.9 grams of cocaine base x 20 kilograms of marihuana)] + [65 kilograms of marihuana (OxyContin)] + [0.1367 kilograms of marihuana (Marihuana)] = 3,823.14 kilograms of marihuana.

The base offense level for 3,823.14 kilograms of marihuana under the 2007 Drug Quantity levels is 34.[2] After applying the two-point reduction in Application Note 10(D), Petitioner's base offense level would be 32. Inasmuch as 32 was Petitioner's base offense level at sentencing under the 2007 Guidelines, applying Amendment 715 would neither result in a lower base offense level nor provide any other basis for lowering Petitioner's sentence. Consequently, the Court **DENIES** Petitioner's motion for retroactive application of the Sentencing Guidelines as moot.

## CONCLUSION

For the aforementioned reasons, the Court **DENIES** Petitioner's motion for retroactive application of the Sentencing Guidelines [Doc. 36] as moot.

The Court **DIRECTS** the Clerk to send a copy of this written Opinion and Order to counsel of record and any unrepresented parties.

ENTER: April 20, 2011

ROBERT C. CHAMBERS
UNITED STATES DISTRICT JUDGE

---

[2] Amendment 715 did not change the Drug Quantity Table.